IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Rudy Villanueva**, # 79959-004, | ) C/A No. 5:12-399-RBH-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| **Mildred L. Rivera**, Warden, FCI Estill; | )   (partial summary dismissal) |
| **Chaplain Neal**, Supervisor Religious Services; | ) |
| **Administrative Remedy's Committee**, and | ) |
| **Federal Bureau of Prisons**, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed pro se by a federal prison inmate.[1] At the time this Complaint was filed, Plaintiff was incarcerated at FCI-Estill, in Estill, South Carolina. He has now been transferred to a federal correctional institution in Miami, Florida.

## **BACKGROUND INFORMATION**

Plaintiff seeks injunctive and declaratory relief against Federal Bureau of Prisons (BOP) employees and against the BOP itself. He seeks BOP recognition of "Kingism" as a religion that may be practiced openly by federal prisoners. *See The Almighty Latin Kings Queens Nation*, http://www.vidacool.com/homepages/latinking (last consulted April 17, 2012 (4:31pm) (this website contains information about the origins and practice of Kingism). Plaintiff alleges that he submitted the required BOP form to FCI-Estill officials for consideration of Kingism as an accepted religion, but that Defendants failed to process the form and are thus prohibiting him from practicing his

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

desired religion while incarcerated. Compl., ECF No. 1 at 3. Plaintiff asks the court to direct BOP to allow Kingism to be practiced in federal prisons the same way as other religions are allowed to be practiced. *Id*. at 4.

Two of the Defendants named in this Complaint are the Warden and the Chaplain at FCI-Estill, both of whom had some involvement in the receipt and consideration of the BOP form seeking recognition of Kingism as a religion. The other two Defendants are the BOP itself and a collective group called "Administrative Remedy's Committee."

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to two Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

2

*See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## **DISCUSSION**

The Complaint should be summarily dismissed as to Defendant "Administrative Remedy's Committee" because it does not qualify as a "person" who may act under color of federal law. In order to state a claim for relief under 42 U.S.C. § 1983[2] or, as here, the *Bivens* Doctrine,[3] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983. *See generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). The same is true under the *Bivens* Doctrine: the defendant must qualify as a person action under color of federal law. *Bivens*, 403 U.S. at 389-92. It is well settled that only "persons" may act under color of state or federal law, therefore, a defendant in a § 1983 or *Bivens* action must qualify as a "person." For example, several

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of *state* law. The purpose of § 1983 is to deter *state* actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

[3]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against *federal* officials for the violation of *federal* constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Plaintiff's use of the collective term "committee," without separately naming the individual members of the committee, to name one of his Defendants is the equivalent of the use of the term "staff" that was found insufficient to name a "person" in the *Barnes* case cited above. Such terms do not name persons who may be subject to suit under the *Bivens* Doctrine. As a result, the Complaint filed in this case should be partially summarily dismissed insofar as it seeks relief from something called the "Administrative Remedy's Committee." Also, the Complaint should be partially summarily dismissed to the extent that it seeks relief from the BOP itself under the *Bivens* Doctrine because, as an agency of the United States government, it is considered part of the United States itself and, therefore, entitled to immunity from suit under most circumstances. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit except under the Federal Tort Claims Act (FTCA). Furthermore, the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as employees or officials of the BOP,

4

as defendants. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949). Although the FTCA waives the sovereign immunity of the United States in certain situations, litigants must strictly comply with the requirements of the FTCA, and there are no allegations in the Complaint in this case that lead the court to find that Plaintiff is attempting to proceed against any Defendant under FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). In absence of a viable FTCA claim, sovereign immunity bars Plaintiff's lawsuit against the United States (representing the federal agency BOP).

Because the only basis for federal question jurisdiction over Plaintiff's Complaint that is evident from the face of the pleading is the *Bivens* Doctrine, and because the United States Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself," *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994), no viable claim is stated against BOP in Plaintiff's Complaint.

## **RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be partially dismissed without prejudice as to Defendants "Administrative Remedy's Committee" and "Federal Bureau of Prisons." *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

*Kaymani D. West*

April 23, 2012                                         Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).