IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rudy Villanueva, #79959-004, | Civil Action No.: 5-12-399-MGL-KDW |
| Plaintiff, | |
| vs. | |
| Mildred L. Rivera, Warden, FCI Estill; Chaplain Neal, Supervisor Religious Services; Administrative Remedy's Committee; and Federal Bureau of Prisons, | **ORDER AND OPINION** |
| Defendants. | |

Plaintiff Rudy Villanueva ("Plaintiff") brings this pro se action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In his complaint, Plaintiff alleges his constitutional rights were violated at the Federal Correctional Institution in Estill, South Carolina. Plaintiff has since been transferred to a federal correctional institution in Miami, Florida where he maintains his constitutional rights have continued to be violated. (ECF No. 26.) Plaintiff seeks to have recognition of "Kingism" as a valid religion that may be practiced openly by federal prisoners. (ECF No. 1 at 3.) Plaintiff seeks injunctive and declaratory relief against Federal Bureau of Prisons ("BOP") employees and against the BOP itself for violations of his constitutional right of freedom of religion. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Kaymani D. West for pretrial handling. On April 23, 2012, Magistrate Judge West issued a Report and Recommendation recommending that Plaintiff's Complaint be partially dismissed without prejudice as to Defendants "Administrative Remedy's

Committee" and "Federal Bureau of Prisons." (ECF No. 22 at 5.) Magistrate Judge West also recommended the Complaint be served on the remaining defendants. (ECF No. 22 at 5.) Plaintiff filed objections to the Report and Recommendation on May 7, 2012 contending that the complaint should not be summarily dismissed as to Defendant "Administrative Remedy's Committee" because he seeks to add the "Regional Director of the Southeast Region," as "head of the Administrative Remedy Committee," to the Complaint. (ECF No. 26 at 2-3.) Plaintiff further seeks to add Warden Rob Wilson to the complaint as a Defendant. (ECF No. 26 at 1-2.) Finally, Plaintiff states that the claim for relief from the BOP cannot be dismissed because he has shown that the "BOP continues to violate his First and Fourteenth Amendment Rights." (ECF No. 26 at 3.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

The court has carefully reviewed the record, the applicable law, and the Report and Recommendation. Although Plaintiff has discussed the need to amend the complaint in his Objections and appears to have changed the caption of his complaint, he has not moved to amend the complaint to add any defendants or included a proposed Amended complaint. Nonetheless, applying the requisite liberal standard to Plaintiff's pro se objections, the court construes the Plaintiff's Objections as a motion for leave to amend the complaint pursuant to Rule 15(a)(2). Rule

15(a) provides that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Accordingly, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir.1999). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir.2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action.").

Accordingly, Plaintiff is granted leave to amend his Complaint to add proposed new defendants, name them specifically, and assert factual allegations in support of his claims. Any amended complaint must be filed within twenty-one (21) days of the filing of this order. Plaintiff's claims are dismissed without prejudice as to the Defendants "Administrative Remedy's Committee" and "Federal Bureau of Prisons" for the reasons set forth in the Report and Recommendation. This matter is recommitted to the Magistrate Judge for further handling consistent with this order.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
October 5, 2012