IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Rudy Villanueva, #79959-004, | ) | Civil Action No.: 5:12-399-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mildred L. Rivera, Warden, FCI Estill; | ) | **ORDER AND OPINION** |
| Chaplain Neal, Supervisor Religious | ) | |
| Services; Administrative Remedy's | ) | |
| Committee; and Federal Bureau of | ) | |
| Prisons, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rudy Villanueva ("Plaintiff") brings this pro se action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In his complaint, Plaintiff alleges his constitutional rights were violated at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill"). Plaintiff has since been transferred to a federal correctional institution in Miami, Florida where he maintains his constitutional rights have continued to be violated. (ECF No. 26.) Plaintiff seeks to have recognition of "Kingism" as a valid religion that may be practiced openly by federal prisoners. (ECF No. 1 at 3.) Plaintiff seeks injunctive and declaratory relief against Federal Bureau of Prisons ("BOP") employees and against the BOP itself for violations of his constitutional right of freedom of religion. (ECF No. 1.)

PROCEDURAL AND FACTUAL BACKGROUND

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Kaymani D. West for pretrial handling. On April 23, 2012, Magistrate Judge West issued a Report and Recommendation recommending that Plaintiff's

Complaint be partially dismissed without prejudice as to Defendants "Administrative Remedy's Committee" and "Federal Bureau of Prisons." (ECF No. 22 at 5.) Magistrate Judge West also recommended the Complaint be served on the remaining defendants. (ECF No. 22 at 5.) Plaintiff filed objections to this Report and Recommendation on May 7, 2012, contending that the complaint should not be summarily dismissed as to Defendant "Administrative Remedy's Committee" because he seeks to add the "Regional Director of the Southeast Region," as "head of the Administrative Remedy Committee," to the Complaint. (ECF No. 26 at 2-3.) Plaintiff further indicated his desire to add Warden Rob Wilson of the Federal Correctional Institution in Miami, Florida, as a defendant in the instant complaint, for alleged violations occurring at that institution. (ECF No. 26 at 1-2.) Finally, Plaintiff stated that the claim for relief from the BOP should not be dismissed because he claims that he has shown the Court how BOP has violated his rights. (ECF No. 26 at 3.)

On October 5, 2012, this Court issued an order concerning the Magistrate Judge's April 23, 2012 Report and dismissed Plaintiff's claims without prejudice as to the Defendants "Administrative Remedy's Committee" and "Federal Bureau of Prisons" for the reasons set forth in the Report and Recommendation. (ECF No. 43.) This Court also granted Plaintiff leave to amend his Complaint to add proposed new defendants, name them specifically, and assert factual allegations in support of his claims. The Court received no response to the Court's directive and no amended complaint has been filed. Thus, the matter currently pending before this Court is the Motion for Summary Judgment filed by Defendants Rivera and Chaplain Neal filed on July 31, 2012. (ECF No. 37.) Plaintiff filed a response in opposition to Defendants' motion on October 15, 2012 (ECF No. 48), and Defendants filed a reply to Plaintiff's opposition on October 25, 2012. (ECF No. 52.) The Magistrate Judge issued a Report and Recommendation on January 7, 2013, recommending that

Defendants' Motion for Summary Judgment (ECF No. 37) be granted and that this case be dismissed. (ECF No. 54.) Plaintiff filed objections to the Report and Recommendation on January 25, 2013, reiterating that "Kingism" is a valid religion that should be recognized and further claiming that he has exhausted his administrative remedies concerning his claims.[1] (ECF No. 56.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made. After conducting a de novo review of Plaintiff's objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the Court concludes that Defendants' Motion for Summary Judgment should be granted.

## DISCUSSION

Plaintiff has filed objections to the Report and Recommendation (ECF No. 56) and this Court will consider them here. Plaintiff asks this Court to dismiss Defendants' Motion for Summary Judgment and grant Plaintiff the free religious exercise of "Kingism." (ECF No. 56 at 2.) As an initial matter, Plaintiff failed to make any specific objection needed to direct this Court to a

---

[1] As the Magistrate Judge noted in her Report and Recommendation, it is undisputed that Plaintiff has met exhaustion requirements. (ECF No. 37 at 5.)

particular portion of the Magistrate Judge's Report and Recommendation or otherwise challenge the Magistrate Judge's findings. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)(finding that a "specific written objection" is required to invoke de novo review by the district court); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, *2 (D.S.C. 2011); *Clark v. Sumter Co.*, No. 9:07-cv-0791, 2008 WL 350480, *1 (D.S.C. 2008).

The Magistrate Judge discussed and analyzed both parties' arguments as well as the applicable law pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (the "RLUIPA"). As the Magistrate Judge noted, even if an inmate has established that his beliefs merit protection as a religion, the inmate's constitutional rights must be evaluated within the context of his incarceration. (ECF No. 54 at 7.) Inmates have a right to practice religion, so long as their religious practices can be reasonably accommodated by prison officials. *See Woods v. Evatt*, 876 F.Supp. 756, 761 (D.S.C. 1995) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987)). "An inmate does not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). The Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). According substantial deference to the professional judgment of prison administrators, the burden is not on the state to prove the validity of prison regulations, but on the prisoner to disprove it. *Overton*, 539 U.S. at 131; *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350 (1987). In order to establish a free exercise violation, Plaintiff must show that Defendants burdened the practice of his religion without a justification related to legitimate penological interests. In *Turner v. Safley*, 482 U.S. 78 (1987),

-4-

the Supreme Court set forth a four-factor test to assist in determining whether a prison regulation is reasonable: (1) whether there is a valid, rational connection between the regulation and "the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) how accommodating the asserted constitutional right will impact guards and other prisoners; and (4) whether there are ready alternatives to the regulation. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Plaintiff brings this action for injunctive relief seeking to have "Kingism" recognized by the BOP and also alleges violations of his constitution rights. (ECF No. 1 at 3.)

The Magistrate Judge found that Defendants have established a legitimate penological interest for denying Plaintiff's request to recognize "Kingism" as a religion. (ECF No. 54 at 7.) The Court agrees that the summary judgment record shows that "Kingism," at the very least, is affiliated with the Latin Kings gang and that the requested religious items, texts, literature, and practices are the same ones used by Latin Kings to identify themselves. (ECF No. 37 at 9-10). Defendants' Motion for Summary Judgment, supported by admissible evidence, gives proof to Defendants' decision to deny Plaintiff's request due to the threat that "Kingism" posed to the safety, security, and order of the prison institution. (ECF No. 37.) Further, Defendants maintain that recognizing and permitting the practice of "Kingism" at FCI Estill would enhance and elevate the status of the Latin Kings above other gangs, thereby creating disharmony and animosity, undermining prison officials' ability to maintain security, and rendering the BOP's zero tolerance gang policy useless. (ECF No. 37 at 21.)

In his opposition to Defendants' Motion for Summary Judgment, Plaintiff admits that he is a certified member of the Latin Kings gang (ECF No. 48 at 3) but contends that because other

inmates (with other gang affiliations or no known gang affiliations) have also requested to practice "Kingism," "Kingism" has nothing to do with the criminal organization known as the Latin Kings. (ECF No. 48 at 3-7.) In opposition to Defendants' motion for summary judgment, Plaintiff alleges that Defendant Rivera issued him a memorandum denying his request due to security reasons and that Defendant Neal submitted incorrect and inaccurate information regarding the religious practices of "Kingism." (ECF No. 48 at 5.) He does not further address which information is allegedly inaccurate, and instead argues that "Kingism" is not a religion exclusively reserved for Latin King members and that authorizing the practice of "Kingism" would not promote the Latin King Doctrine and Manifesto because other non-Latin King member inmates also sought to practice "Kingism." (ECF No. 48 at 4-5.) Plaintiff does not otherwise refute Defendants' position outlining the legitimate penological interests the BOP seeks to uphold. Because Defendants' denial of Plaintiff's request is reasonably related to a legitimate penological interest and because Defendants have demonstrated how accommodating Plaintiff's request would impact prison safety, Defendants' position is not unconstitutional. While the right to hold a particular religious belief is absolute, the right to freely exercise a religious belief is not. *Cantwell v. Connecticut*, 310 U.S. 296, 303-304 (1940). In light of the Supreme Court's guidance in *O'Lone* and *Turner*, the Court finds summary judgment appropriate.

Next, the Magistrate Judge considered Plaintiff's claim under RLUIPA. (ECF No. 54 at 8.) RLUIPA provides in part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive

means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1; *see Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005) ("We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety."). The key consideration for this Court is addressing what constitutes a "substantial burden." The Fourth Circuit has noted that a "'substantial burden' is one that 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *See Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006)(citing *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981)). The Magistrate Judge found that Plaintiff failed to explain how Defendant imposed a substantial burden on his exercise of "Kingism." (ECF No. 54 at 8.) Further, the Magistrate Judge noted that Plaintiff's own evidence shows that although the BOP declined to recognize "Kingism" as an institutional religion, Plaintiff was provided the option to practice his religion individually and to request "assistance from the Chaplain in ordering resources using the Special Purpose Order process as long as the materials are appropriate for a correctional environment." (ECF No. 48-1). The Court agrees that Plaintiff has not addressed or articulated how Defendants' act or omission has created a substantial burden on his religious practice. In other words, he has not demonstrated that Defendants Rivera and Neal have forced him to modify his behavior or that any conduct on their part violated his religious beliefs. Since Plaintiff has not met the substantial burden requirement under RLUIPA, he has not established a prima facie case under RLUIPA's broad protection of religious exercise. 42 U.S.C. § 2000cc-3(g).

## CONCLUSION

The Court has reviewed the objections in light of the record in this case. Even reading Plaintiff's objections liberally in an effort to find a specific challenge to the Magistrate Judge's

Report, the Court does not find that Plaintiff has stated anything that would make this Court find any error in the Magistrate Judge's analysis. Plaintiff's objections, to the extent his pleading can reasonably be construed as such, is overruled.

After a thorough review of the Magistrate Judge's Report, Plaintiff's Objections and the record in this case, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order. For the reasons discussed above and in the Report and Recommendation, the Court GRANTS Defendants' summary judgment motion as to Plaintiff's First Amendment claims and any claims that Plaintiff has arising under RLUIPA. (ECF No. 37). This action is dismissed.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
March 4, 2013